UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD A. SANFORD, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1270-JDT-cgc |
| | ) | |
| MARGARET ARMOUR, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION TO VACATE JUDGMENT (ECF No. 20),
DIRECTING CLERK TO RE-OPEN CASE,
AND DENYING MOTION FOR REPLICA OF EXHIBITS (ECF No. 22)

Before the Court for consideration are five documents submitted by the *pro se* prisoner Plaintiff, Gerald A. Sanford, Sr., after judgment was entered in this case. The considerable leeway that the Court has afforded to Sanford in this case warrants brief review to underscore the latitude he has received by virtue of his *pro se* status.

On July 30, 2020, the Court issued an order dismissing Plaintiff's *pro se* complaint and granting leave to file an amended complaint. (ECF No. 9.) Sanford was warned that if he failed to file an amended complaint within 21 days, the Court would dismiss the case in its entirety and enter judgment. (*Id*. at PageID 108.) On August 12, 2020, he moved for an extension of time to amend. (ECF No. 10.) On August 24, 2020, the Court granted his motion and set September 11, 2020 as his new deadline. (ECF No. 11.) On September 10,

2020, he again sought an extension to amend. (ECF No. 12.) On September 30, 2020, the Court granted his request and set November 12, 2020 as his new deadline. (ECF No. 13.)

Rather than timely amend, Sanford instead filed a "second motion for replica of exhibits" on November 9, 2020 (ECF No. 14), which the Court denied. (ECF No. 15.) Plaintiff having failed to amend, the Court dismissed the case with prejudice and entered judgment on December 4, 2020. (ECF Nos. 16 & 17.)

On December 16, 2020, the Clerk received and docketed two documents: a notice that Sanford's prison facility had "ended its facility quarantine" (ECF No. 18 at PageID 129) and an amended and supplemental complaint. (ECF No. 19.) On January 19, 2021, the Clerk also received and docketed (1) Sanford's motion to vacate the judgment (ECF No. 20); (2) a duplicate copy of a motion for a "replica of his exhibits" (ECF No. 21 at PageID 164) that was originally received on November 9, 2020, and denied (ECF Nos. 14 & 15); and a duplicate copy of the amended and supplemental complaint. (ECF No. 22.)

In his motion to vacate the judgment, Plaintiff asserts that he did, in fact, submit his amended and supplemental complaint in a timely manner. The timeline he describes is not entirely clear. In the motion to vacate, which Plaintiff signed under penalty of perjury, he states that he gave his amended complaint to the prison mailroom staff on November 9, 2020—three days before the November 12, 2020, amendment deadline. (*See* ECF No. 20 at PageID 159-60) The prison's mailroom log does show that Sanford mailed something to the Court on November 9, 2020. (ECF No. 20-1 at PageID 161). However, the Court did not receive the amended claims from Sanford until December 16, 2020. (ECF No. 19.) Similarly confusing is the motion to vacate itself, which he signed on December 15, 2020

(ECF No. 20 at PageID 160) but which the Court did not receive until January 19, 2021. (ECF No. 20.) More than a month's mail transit time for both documents strikes the Court as odd, even with the U.S. mail service delays attributable to the COVID-19 pandemic.

Nevertheless, given the lack of explanation in the record for why the amended complaint was so long delayed in the mail, along with Plaintiff's *pro se* status, the Court accepts his assertion that he gave the document to prison authorities for mailing before the deadline. *See Houston v. Lack*, 487 U.S. 266 (1988). Therefore, the motion to vacate the judgment is GRANTED, and the Clerk is directed to re-open this case.

The duplicate copy of Sanford's motion for copies of his exhibits is again DENIED. As the Court stated in its order of November 9, 2020, there were no exhibits attached to the 39-page original complaint.

The claims in Plaintiff's amended and supplemental complaint will be screened by separate order.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE