UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

GERALD A. SANFORD, SR.,               )
                                      )
        Plaintiff,                    )
                                      )
VS.                                   )        No. 19-1270-JDT-cgc
                                      )
MARGARET ARMOUR, ET AL.               )
                                      )
        Defendants.                   )

---

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

On July 30, 2020, the Court dismissed the complaint filed by the *pro se* prisoner Plaintiff, Gerald A. Sanford, Sr., but granted leave to file an amended complaint within 21 days. (ECF No. 9.) Plaintiff was granted two extensions of time (ECF Nos. 11 & 13), but no amendment was received by the extended November 12, 2020, deadline; the Court therefore dismissed the case on December 4, 2020, and entered judgment. (ECF Nos. 16 & 17.) Sanford filed an amended complaint on December 16, 2020. (ECF No. 19.)

On January 19, 2021, the Clerk received Sanford's motion to vacate the judgment (ECF No. 20) and another copy of his amended complaint. (ECF No. 22.) In the motion to vacate, which is signed under penalty of perjury, Plaintiff stated he gave the amended complaint to prison officials for mailing on November 9, 2020, three days before the deadline, even though it did not reach the Court until over a month later. (ECF No. 20 at

PageID 159.)  The Court therefore granted the motion to vacate the judgment and re-opened the case (ECF No. 23), and will now screen the claims in the amended complaint.

Sanford's claims arise from events that occurred during his previous incarceration at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee.  The legal standards for assessing the claims were set forth in the prior screening order (*see* ECF No. 9 at PageID 89-90), and will not be reiterated here.

The amended complaint repeats the initial complaint's claims (*see* ECF No. 1 at PageID 8-23, 32-34; ECF No. 9 at PageID 88 (summarizing the claims in the original complaint); ECF No. 19 at PageID 135-49), although Sanford now uses different language. The amendment seeks: (1) compensatory damages (ECF No. 19 at PageID 156); (2) punitive damages (*id*.); (3) costs of suit and attorney's fees (*id*.); and (4) an order that "Plaintiff is to be free from all retaliatory acts, incidents, and treatments." (*Id*.)

An amended complaint "is futile if it merely restates the same facts as the original complaint in different terms, re-asserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."  *See Rumber v. D.C.,* 598 F. Supp. 2d 97, 102 (D.D.C. 2009), *aff'd*, 595 F.3d 1298 (D.C. Cir. 2010) (internal citations omitted).   As explained *infra*, nothing in the amended complaint alters the outcome of the Court's prior dismissal of Sanford's claims. [1]

---

[1] The amendment contains references to claims against CoreCivic for breach of contract and against Aaron Ivey for excessive force.  (ECF No.19 at PageID 153-54).  However, neither Defendant is included in the list of Defendants in the body of the amended complaint.  (*Id*. at PageID 134-35.)  Sanford asserted the claims against CoreCivic and Ivey in Case No. 19-1139, from which case the claims in this matter were severed, and the Court addressed them in that proceeding.  (ECF No. 5.)  The claims appear to have been inadvertently included in the present

(1)  *Denial of Access to Prison Law Library*:  The amended complaint alleges that Defendant John Johnson, the Librarian at the HCCF, instructed HCCF staff to issue library passes to Sanford as per the timeframe allotted for Plaintiff's cell unit, rather than according to Sanford's personal schedule.  (ECF No. 19 at PageID 135, 139; *see also id*. at PageID 141.)  Johnson also threatened to delete Sanford's legal files from the HCCF computer's hard drive, which "would destroy Plaintiff's ability to communicate with the Courts."  (*Id*. at PageID 135-38.)  After Plaintiff complained to a supervisor, Johnson allegedly began denying Sanford law library access, which prevented Plaintiff from consulting with "inmate legal/law advisor Hayes."  (*Id*. at PageID 139 (Hayes is "more experienced in the law than Plaintiff since he has worked in law libraries as an inmate legal advisor for most of his twenty plus years"); *see also id*. at PageID 145).)

These contentions virtually identical to those in Sanford's original complaint.  (ECF No. 1 at PageID 8-9, 10-11.)  Simply because Plaintiff now characterizes his purported pursuit of a claim as "non-frivolous" does not make it so for screening purposes.  (*See* ECF No. 19 at PageID 138 (alleging that Johnson "was fully aware Plaintiff was preparing a non-frivolous claims to the Courts in . . . [Nos.] 19-1139-JDT-cgc and 1-19-cv-01270-JDT-cgc"); *see also id*. at PageID 141 (Sanford "had a legitimate and nonfrivolous legal claim against CoreCivic").)  Moreover, Sanford's speculation that Johnson knew of the supposed merits of Plaintiff's underlying claims does not rescue the amended claim.  The amended

---

amended pleading due to Plaintiff having re-used, verbatim, parts of his pleadings in that case. The Court finds it unnecessary to address those allegations again here.

complaint offers no facts from which to plausibly infer that Johnson's alleged conduct thwarted Sanford's pursuit of an underlying nonfrivolous claim. For example, Sanford contends that Case No. 19-1139 was dismissed because he "lost valuable legal research for his criminal matter which he ha[s] never recovered to this day." (*Id.* at PageID 141.) But No. 19-1139 was dismissed on September 23, 2021, for failure to serve process, not because of anything to do with a lack of legal research by Plaintiff. (No. 19-1139, ECF No. 36.) The CAC alleges no facts about the underlying "research" for this Court to conclude otherwise.

The amended complaint also challenges Johnson's denial of Sanford's law library access for the purpose of helping other inmates pursue their claims. (ECF No. 19 at PageID 135, 138; *see also id*. at PageID 141.) However, there is no constitutional right to act as inmate legal advisor to fellow inmates during confinement. *See Evans v. Vinson*, 427 F. App'x 437, 445 (6th Cir. 2011). Nor does Sanford have standing to assert other prisoners' claims for denial of access to the courts. *See Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001). In sum, the amended complaint does not allege an actual injury to Sanford resulting from Defendants' frustration of his pursuit of a nonfrivolous legal claim. *See Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019). Rather, the amendment simply restates the original complaint's claims for denial of access to the courts and deprivation of law library time as a jailhouse lawyer. The Court dismissed those allegations earlier, and they are again subject to dismissal for failure to state a claim. (ECF No. 9 at PageID 90-93.)

(2)   C*onfiscation/Erasure of Plaintiff's Legal Materials*:   Like the original complaint, the amended complaint alleges Johnson confiscated two discs of "privileged/legal mail" that had been sent to Sanford "from South Central Correctional Center [that] contained legal work."  Johnson was then absent from work on June 14-15, 2019.  This left Sanford without the discs and "unable to work on a particular non-frivolous matter which had a deadline, which is the present matter."  When Sanford opened the discs upon Johnson's return, Plaintiff discovered their contents had been erased.  (ECF No. 19 at PageID 137, 139.)  The amended complaint seems to suggest that Johnson read discs' contents.  (*Id*. at PageID 140 ("Johnson denied erasing the legal discs but admitted they had been in his possession only").)  Also similar to the original complaint, the amendment vaguely claims that the discs were "privileged/legal mail."  (*Id*. at PageID 137.)

This Court previously dismissed these allegations for failure to state a claim to relief.  (ECF No. 9 at PageID 93-95.)  Sanford still does not allege any details about the discs' contents or how their supposed erasure rendered him unable to timely assert any particular nonfrivolous claims.  The amendment's vague generalization that Sanford was "unable to work on a particular non-frivolous matter which had a deadline" does not demonstrate that he was injured by not being able to access the discs.

Confiscation of mail sent to prisoners is not a *per se* constitutional violation as Sanford seems to suggest.  *See Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993) ("prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security"); *Sallier v. Brooks*, 343 F.3d

868, 873-74 (6th Cir. 2003).  The amended complaint's restatement and amplification of the original complaint's allegations still fail to state a cognizable claim.

(3)  _Verbal Harassment & Denial of Prison Employment Shifts_:  The amended complaint vaguely alleges "denial and harassment" by various Defendants during the chronology of events catalogued in Sanford's claims.  (ECF No. 19 at PageID 136, 139; _see also id_. at PageID 142 ("[Food Steward LaToya] Jackson began to verbally abuse the Cooks including Plaintiff because more breakfast items were needed").)  The amendment also alleges Jackson denied work shifts to Sanford in HCCF's kitchen, which stemmed from interpersonal animosity.  (_Id_. at PageID 144.)  Sanford further contends that Food Stewards Helen Colby and Jackson denied him kitchen work shifts because "he needed to leave early to prepare legal papers for Court."  (_Id_. at PageID 145; _see also id_. at PageID 142, 145.)

The  amended  complaint's  repetition  of  these  verbal  harassment  and  prison employment claims once again asks the Court to ignore settled law.  _See_, _e.g._, _Johnson v. Unknown Dellatifa_, 357 F.3d 539, 545–46 (6th Cir. 2004) (harassment and verbal abuse, no  matter  how  "shameful  and  utterly  unprofessional,"  does  not  violate  the  Eighth Amendment); _Argue v. Hofmeyer_, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs").  This Court will not do so. The amendment alleges no facts that alter the outcome of the Court's prior dismissal of these claims.  (_See_ ECF No. 9 at PageID 98-100.)

(4)  _Retaliation_:  The amended complaint alleges that after Plaintiff filed a Title VI lawsuit against Johnson, the Defendant retaliated by "omitting [Sanford's] name from the

. . . [law library's] master call-out list," which prevented his access to HCCF's computers. (ECF No. 19 at PageID 136, 139.)  Sanford further contends his kitchen employment shifts were reassigned and that he received false disciplinary reports because he filed grievances against HCCF personnel.  (*Id*. at PageID 145 (alleging that false disciplinary reports and shift reassignments began once Plaintiff started filing grievances).)

"Temporal proximity can provide circumstantial evidence of retaliatory motive." *Walton v. Gray*, 695 F. App'x 144, 146 (6th Cir. 2017) (citation omitted; *see King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012) (noting that "temporal proximity between protected conduct and retaliatory acts" when close enough may "creat[e] an inference of retaliatory motive"); *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (same).

Here though, the amended complaint does not sufficiently allege facts from which any retaliatory causal connection may plausibly be inferred.  Rather, Sanford catalogs a myriad of events spanning October 2018 through July 2019, peppered with accounts of interpersonal strife between him and HCCF staff.  (ECF No. 19 at PageID 136-45.)[2]  The amendment does not, however, allege that any specific Defendant was motivated to take any particular act of retaliation.  For example, Sanford filed a grievance on August 24, 2018, about Food Steward Linda Green's "combative and unprofessional conduct" in the HCCF kitchen.  On October 1, 2018, Green filed a disciplinary report about Sanford's failure to report for work.  (*Id*. at PageID 143-44.)  For the Court to regard that 38-day span

---

[2] Indeed, Sanford successively repeats and re-alleges the same series of underlying events throughout the amended complaint.  (ECF No. 19 at PageID 135-49.)

as sufficient temporal proximity to suggest unconstitutional retaliation would render every supposed malfeasance in Sanford's prolific narratives an act of retaliation.  The amendment is replete with instances of the animosities between Sanford and the Defendants and their actions with which he was displeased.  (*See*, *e.g.*, *id*. at PageID 144-45 (Sanford filed a grievance on January 16, 2019, for Jackson's retaliatory denial of work, and Sanford "was not allowed to report to work" by Colby and Jackson on July 7, 2019).)  Akin to the original complaint, the amended complaint offers generalized suggestions of Defendants' ill-will towards Sanford.  (ECF No. 9 at PageID 97; ECF No. 1 at PageID 13-14, 20.)  The amendment does not establish that Sanford's filing of any particular grievance was a motivating factor in any specific Defendant's alleged retaliation.  The amended complaint thus fails to state a claim for retaliation.

(5)  *False Disciplinary Reports*:  Johnson allegedly issued a disciplinary report contending that Plaintiff "threatened to physically hurt [Johnson]," which was later dismissed.  (ECF No. 19 at PageID 137; *see also id*. at PageID 141, 142, 144.)  In the amended complaint, Sanford acknowledges that he "does not have a due process right to be free of false disciplinary charges."  (*Id*. at PageID 143.)  But he contends the disciplinary charges' "interrupt[ion] [of] Plaintiff from his normal routine and subject[ion] [of] him to unnecessary ridicule" constituted an "atypical and significant hardship."  (*Id*. (Plaintiff's diminished prison pay "caused embarrassment [because he had to] borrow[] hygienic materials from other inmates for bathing"); *id* at PageID 146 (same).)

The amendment does not sufficiently allege any unconstitutional deprivation as a result of false disciplinary reports.  Sanford points to no authorities under which either an

8

interrupted personal schedule while confined or embarrassment over borrowed toiletries constitute unconstitutional hardship for due process purposes. (*Id*. at PageID 143.)  Nor is the Court aware of any such authorities.

To the extent Sanford alleges that his decreased prison salary from reduced job hours wrongfully deprived him of basic hygiene, his efforts fare no better.  Such contentions might suffice for an Eighth Amendment claim if he could establish that he suffered unnecessary pain as a result of being denied the ability to purchase hygiene products from the commissary. *See Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). But the amended complaint does not allege Sanford suffered harm of constitutional magnitude.  Rather, he experienced only a "deviation" of his routine—not outright denial of hygiene.  (ECF No. 19 at PageID 146.)  *See Argue*, 80 F. App'x at 429-30 (the Eighth Amendment was not violated by limited access to hygiene products); *Moore v. Chavez*, 36 F. App'x 169, 171 (6th Cir. 2002) (inmate who failed to allege complete denial of "basic elements of hygiene" did not state an Eighth Amendment claim)).  These allegations also fail to state a claim.

(6) *Failure to Correct HCCF Staff*:  The amended complaint alleges that Defendant Joseph Medina, the HCCF Food Service Director, "either authorized, approved, encouraged or knowingly acquiesced in the unconstitutional conduct of the offending subordinates."  (ECF No. 19 at PageID 146; *see also id*. at PageID 147-49 (contending that "neither *respondeat superior* or *qualified immunity* applies" (emphasis in original).)  Sanford further contends that Medina:  (a) told multiple inmates about the grievances that Plaintiff filed (*id*. at PageID 147); (b) ignored Plaintiff's requests for correction to his

prison salary shortfall (*id.*); and (c) reneged on his agreement with Plaintiff to "accommodate [Sanford's kitchen shift reassignment] and pay Plaintiff when he needed access to the law library as long as he had a pass." (*Id.*)

These allegations do not suggest any underlying unconstitutional conduct by Medina. The mere fact that other inmates' knew about Plaintiff's grievances does not amount to harm of constitutional magnitude. There also is no constitutional right to a prison job or salary in the first instance. *See Argue*, 80 F. App'x at 429. The amended complaint looks to sue Medina simply by virtue of his supervisory position at HCCF. The Court has previously explained to Plaintiff that such a claim is not cognizable. (*See* ECF No. 9 at PageID 102-03.)

(7) *Inadequate Grievance Process*: The amendment is replete with allegations of inadequate grievance process at HCCF. (*See*, *e.g.*, ECF No. 19 at PageID 138, 142, 144, 145, 146, 147, 152.) Sanford's re-assertion of these previously-dismissed claims does not alter the principle that prisoners do not possess a constitutional right to a prison grievance procedure. (*See* ECF No. 9 at PageID 103-04 (citations omitted).)

To the extent Sanford suggests his life was endangered by Defendants' alleged discussion of his grievances with other inmates (ECF No. 19 at PageID 152), he does not state a colorable failure to protect claim under the Eighth Amendment. This is because he does not demonstrate that he was "incarcerated under conditions posing a substantial risk of serious harm," *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994), or that any Defendant knew of and disregarded an excessive risk to Plaintiff from disclosure of the grievances.

*Id.* at 837-38.  Instead, Sanford merely calls Defendants' actions an "unethical" practice. (ECF No. 19 at PageID 152.)  That does not render the challenged conduct unconstitutional.

(8)  *Violation of TDOC Policies*:  The amended complaint also re-asserts Sanford's oft-repeated claim that the Defendants "violated multiple TDOC [Tennessee Department of Correction] policies."  (*Id.* at PageID 153.)  Plaintiff's amended pleading offers no facts that render his claim colorable simply because he says it another time.  (*See* ECF No. 9 at PageID 105 ("[M]andatory language in prison regulations does not create a liberty interest protected by the Due Process Clause") (citations omitted).)  Nothing in the amended complaint alters the Court's prior analysis, and the claim for violation of TDOC policies fails to state a claim to relief.

*Conclusion*:  For all of the reasons explained above, the amended complaint does not correct the deficiencies in Sanford's original pleading, and the amended complaint also fails to state a claim on which relief may be granted.  Leave to further amend is DENIED, and this case is DISMISSED with prejudice in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal in this matter by Sanford would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Sanford, the Court recommends this dismissal be assessed as his first strike, to take effect when judgment is entered.  *See Coleman v. Tollefson*, 575 U.S. 532, 537-40 (2015); *Simons v. Washington*, 996 F.3d 350, 352-54 (6th Cir. 2021).

11

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE